**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CURTIS IRVEN TYNER, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | |
| | : | |
| PAUL HOWARD, JR., | : | CIVIL ACTION NO. |
| DISTRICT ATTORNEY OFFICE, | : | 1:16-CV-4341-TWT-JFK |
|     Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff, Curtis Irven Tyner, whose address of record is at Georgia State Prison

in Reidsville, Georgia, has submitted a *pro se* civil rights complaint. The Court

previously granted Plaintiff *in forma pauperis* status, and the matter is now before the

Court on the complaint [1] for screening under 28 U.S.C. § 1915A and on Plaintiff's

motion to stay [4].

**I.      28 U.S.C. § 1915A Standard**

Section 1915A of Title 28 requires the federal court to conduct an initial

screening of a prisoner complaint against a governmental entity, employee, or official

to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim

on which relief may be granted, or (3) seeks monetary relief against a defendant who

is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous when it

"lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Franklin v. Curry, 738 F.3d 1246, 1248 (11th Cir. 2013); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers.  Bingham, 654 F.3d at 1175.  Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law

AO 72A
(Rev.8/82)

(2) deprived him of a right secured by the Constitution or federal law.  <u>Bingham</u>, 654 F.3d at 1175.  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  <u>See</u> 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.    **Discussion**

In 1984, Plaintiff pleaded guilty to the murder of Martha Anne Mickel and received a life term of imprisonment.  <u>See</u> <u>Tyner v. State</u>, 289 Ga. 592, 592, 714 S.E.2d 577, 578 (2011), <u>overruled on other grounds</u> <u>Lejeune v. McLaughlin</u>, 296 Ga. 291, 766 S.E.2d 803 (2014).  On belated appeal, Plaintiff's conviction was reversed and remanded by the Georgia Supreme Court on the grounds that Plaintiff had not properly been informed of his rights before pleading guilty.  <u>Id.</u>, 289 Ga. at 596, 714 S.E.2d at 581.  Plaintiff states that he was re-indicted, (Compl. ¶ IV, ECF No. 1), and the online docket for the Fulton County Superior Court shows that Plaintiff was re-indicted in 2011, tried before a jury, and on February 8, 2013, was found guilty of murder.  <u>See</u> http://justice.fultoncountyga.gov/PASupCrtCM/default.aspx (follow "All Case Records" hyperlink, Case Number 11SC104368) (last visited Jan. 6, 2017).  After

trial, Petitioner filed a motion for a new trial, as amended, which remains pending.  <u>See</u> <u>id.</u>

Plaintiff brings this action against District Attorney Paul Howard, Jr., and the Fulton County District Attorney's Office. (Compl. ¶ III).  Plaintiff asserts that Howard and the District Attorney's Office re-indicted him after his murder conviction was reversed and remanded by the Georgia Supreme Court.  (<u>Id.</u> ¶ IV); <u>see also</u> <u>Tyner</u>, 289 Ga. at 596, 714 S.E.2d at 581.  Plaintiff asserts that his constitutional rights were violated when the state re-indicted him without dismissing the original indictment, issuing an arrest warrant, or carrying him in front of a magistrate judge.  (Compl. ¶ IV).  Plaintiff seeks a remand to the sentencing court and damages.  (<u>Id.</u> ¶ V).

Plaintiff fails to state a claim against the Fulton County District Attorney's Office or Howard.  As a general rule, an Office of the District Attorney is not an entity subject to suit.  <u>Zellars v. Clarke Cty. Sheriff's Dep't</u>, No. 3:08CV91(CDL), 2008 WL 5076334, at *1 (M.D. Ga. Nov. 25, 2008) (citing <u>Dean v. Barber</u>, 951 F.2d 1210, 1210 (11th Cir. 1992)); <u>Ward v. Office of Dist. Atty.</u>, No. 5:07CV233-CAR, 2007 WL 1832014, at *2 (M.D. Ga. June 25, 2007).  Further, an individual prosecutor is protected by absolute immunity from damage claims when performing as an advocate for the government.  <u>Rowe v. City of Ft. Lauderdale</u>, 279 F.3d 1271, 1279 (11th Cir.

4

2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. . . . The prosecutorial function includes the initiation and pursuit of criminal prosecution[.]" (citations omitted)).  Additionally, when there are adequate remedies at law (such as the ability to appeal and/or seek mandamus relief), a § 1983 plaintiff is not entitled to equitable relief against prosecutorial officials.  Bolin v. Story, 225 F.3d 1234, 1242-43 (11th Cir. 2000).

The Fulton County District Attorney's Office must be dismissed as it is not an entity subject to suit.  Further, it is apparent that Howard was performing as an advocate for the State of Georgia, and Plaintiff may not bring a civil action against a prosecutor who was acting in his governmental role on behalf of the state government.  Accordingly, this action must be dismissed for failure to state a claim.  If Plaintiff wishes to challenge his re-indictment and subsequent conviction, he must use the available criminal procedures such as a motion for a new trial and direct appeal, which he appears to be doing.  Thereafter, Plaintiff may wish to seek state habeas corpus

relief and, after the exhaustion of his available state remedies, seek federal habeas corpus relief.[1]

Plaintiff also has filed a motion to stay in which he states that he currently is confined in the Fulton County Jail and will be unable to respond to any matter that is sent to him at Georgia State Prison.  Plaintiff provides addresses for Georgia State Prison and for the Fulton County Jail.  (Mot. to Stay, ECF No. 4).  On-line Fulton County Jail Records show that Plaintiff currently is confined in the Fulton County Jail, booking number 1622853.[2]  The Court will direct the Clerk of Court to forward Plaintiff's mail to Plaintiff at the Fulton County Jail and Georgia State Prison and finds that a stay is unnecessary.

---

[1]This action is not construed as federal habeas corpus petition as Plaintiff filed it as a civil rights action and there is no indication that he has exhausted his state remedies for his re-indictment and subsequent conviction.  See 28 U.S.C. § 2254(b)(1) (stating that a federal court generally cannot grant habeas corpus relief unless available state remedies have been exhausted).

[2]http://justice.fultoncountyga.gov/PAJailManager/JailingDetail.aspx?JailingID=1293120 (last visited Jan. 6, 2017).

AO 72A
(Rev.8/82)

**III.**   **Conclusion**

For the reasons stated above,

The Clerk of Court is **DIRECTED** to forward a copy of this Order and the Order for Service to Plaintiff at his address of record at Georgia State Prison and at the Fulton County Jail (Curtis Tyner, Booking Number 1622853).

**IT IS ORDERED** that Plaintiff's motion for a stay [4] is **DENIED**.

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED**, **ORDERED**, **and DIRECTED** this 6th day of January, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

7